IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) METROPOLITAN LFIE INSURANCE COMPANY,

        Plaintiff,

v.

(1) VICKY MCNEELY,
(2) MEGAN JONES,
(3) SUZANNE DAVIS and
(4) AMERITRUST CORPORATION,

        Defendants.

Case No. 21-cv-00221-JED-CDL

## COMPLAINT IN INTERPLEADER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader, alleges and states as follows:

## PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Oklahoma.

2. Upon information and belief, Interpleader Defendant Vicky McNeely ("Defendant McNeely") is the widow of Daniel C. McNeely, deceased (the "Decedent"), and she resides in Owasso, Oklahoma.

3. Upon information and belief, Interpleader Defendant Megan Jones ("Defendant Jones") is an adult surviving daughter of the Decedent, and resides in Aurora, Colorado.

4. Upon information and belief, Interpleader Defendant Suzanne Davis ("Defendant Davis") is an adult surviving daughter of the Decedent, and resides in Benton Harbor, Michigan.

{2317163;2}

5. Upon information and belief, Interpleader Defendant AmeriTrust Corporation ("AmeriTrust") was appointed Special Administrator for the Estate of Daniel C. McNeely. AmeriTrust is an Oklahoma corporation doing business in Tulsa, Oklahoma.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1332(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

8. The Decedent, upon information and belief, was an employee of Level 3 Communications, Inc. and a participant in the Level 3 Communications, Inc.'s Group Life Insurance Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Level 3 Communications, Inc. and funded by group life insurance policies issued by MetLife.

9. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

10. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1001(8).

11. The Plan provides both a life insurance benefit and an accidental death and dismemberment insurance benefit for qualifying Plan participants. The Plan establishes the right

of a Plan participant to name his or her beneficiary, and provides direction with respect to payment of Plan Benefits at p. 79:

> If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:
>
> - Your Spouse;
> - Your child(ren);
> - Your parent(s); or
> - Your sibling(s).

A copy of the Plan is attached hereto as Exhibit 1.

12. The latest beneficiary designation on file for the Decedent names Defendant McNeely as the sole primary beneficiary of the life insurance benefits. A copy of the beneficiary designation is attached hereto as Exhibit 2.

13. The Decedent died on January 11, 2013. A copy of the Decedent's death certificate is attached hereto as Exhibit 3.

14. At the time of his death, Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of two hundred and seventy two thousand dollars and zero cents ($272,000.00) and Accidental Death and Dismemberment insurance coverage in the amount of two hundred and seventy two thousand dollars and zero cents ($272,000.00) for a combined total of $544,000.00 (the "Plan Benefits"), as set forth on Exhibit 4 attached hereto.

15. The Plan Benefits became payable to the proper beneficiary or beneficiaries upon Decedent's death, pursuant to the terms of the Plan.

16. On January 23, 2013, Defendant McNeely was charged with Murder in the First Degree under Oklahoma's criminal statutes in connection with the death of the Decedent. Despite the passage of time, the state criminal proceedings against Defendant McNeely remain ongoing.

Defendant McNeely's state criminal case is currently set for trial on June 28, 2021. The state criminal Information is attached hereto as Exhibit 5.

17. On or about January 30, 2013, counsel for Defendant Jones sent a letter advising Level 3 Communications of Defendant Jones's "intent to preserve the claims of the alternative beneficiaries and/or heirs at law" to the Plan benefits. The January 30 letter was passed along to MetLife. The January 30 letter is attached hereto as Exhibit 6.

18. On or about May 15, 2013, Defendant Jones and Defendant Davis submitted Claimant's Affidavits under the Plan. The Claimant's Affidavits are attached hereto as Exhibit 7.

19. On or about August 25, 2014, AmeriTrust sent MetLife a letter identifying itself as the "Special Administrator for the Estate of Daniel C. McNeely…charged by the Court to locate, marshal and preserve all assets owned by Daniel McNeely immediately prior to his death, including, but not limited to, any property held in joint tenancy with Vicky L. McNeely or any interest in any property, personal or real, that Vicky L. McNeely is designated as a beneficiary upon the death of Daniel C. McNeely…." AmeriTrust's letter is attached hereto as Exhibit 8.

20. Oklahoma tit. 84, § 231, Oklahoma's "Slayer Statute," provides that:

> [N]o person who is convicted of murder in the first degree, murder in the second degree, or manslaughter in the first degree, as defined by the laws of this state, or the laws of any other state or foreign country, ... shall inherit from the victim of the offense ...; and no beneficiary of any policy of insurance or certificate of membership issued by any benevolent association or organization, payable upon the death or disability of any person, who in like manner takes, causes or procures to be taken, the life upon which such policy or certificate is issued ... shall take the proceeds of such policy or certificate[.]

21. Based on the facts of this case as set forth herein, and Oklahoma state law and federal common law, MetLife cannot determine whether Defendant McNeely is disqualified under the Slayer Statute from receiving the Plan Benefits, or determine the proper beneficiaries and the amount to which they would be entitled to recover from the Plan Benefits.

22. If Defendant McNeely is not disqualified from receiving the Plan Benefits, then the Plan Benefits would be payable to Defendant McNeely based on the beneficiary designation.

23. If Defendant McNeely is disqualified from receiving the Plan Benefits, then the Plan Benefits would be payable to Defendants Jones and Davis, adult children of the Decedent, per the Plan's facility of payment.

24. If MetLife make a payment to any of the other Defendants, it may face a conflicting claim by AmeriTrust.

25. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits or to whom the Plan Benefits at issue should be paid without risking exposure of itself and the Plan to double liability.

26. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

27. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

28. MetLife will deposit in to the Registry of the Court the Plan Benefits due and owing under the terms of the Plan, plus any applicable interest due and owing pursuant to 15 *Okla. Stat.* § 266, for disbursement in accordance with the Judgment of this Court.

**WHEREFORE,** MetLife demands judgment as follows:

(1) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, Level 3 Communications, Inc. and its successors or assigns, or the Plan for the recovery of Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(2)     Requiring that Interpleader Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(3)     Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

(4)     Dismissing MetLife, Level 3 Communications, Inc. and the Plan with prejudice from this action and discharging MetLife, Level 3 Communications, Inc. and its successors or assigns, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(5)     Awarding MetLife its costs and attorney's fees; and

(6)     Awarding MetLife such other and further relief as this Court deems just, equitable and proper.

Dated: May 21, 2021

Respectfully submitted,

/s/ J. Wesley Scott Pebsworth
J. Wesley Scott Pebsworth, OBA No. 30900
Barrett L. Powers, OBA No. 32485
**GABLEGOTWALS**
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495
(918) 595-4800
(918) 595-4990 (fax)
*wpebsworth@gablelaw.com*
*bpowers@gablelaw.com*

**ATTORNEYS FOR PLAINTIFF,
METROPOLITAN LIFE INSURANCE COMPANY**